## In re BASSETT.

(District Court, W. D. Pennsylvania. April, 1924.)

No. 9095.

Bankruptcy ⬅272—Referee's disallowance of trustee's claim for expenses without exception of any creditor held unwarranted.

Where trustee, prosecuting claims against persons liable to bankrupt estate, received compromise offer from them to pay creditors a 25 per cent. dividend, and to pay trustee in addition $2,000 for expenses, which creditors agreed to accept, *held*, that referee, in absence of exception by any creditor, was not warranted by Bankruptcy Act, § 62a (Comp. St. § 9646), in disallowing trustee's claim for its expenses in amount agreed to be paid merely because it was not itemized.

In Bankruptcy. In the matter of Ira S. Bassett, individually and trading as the Ira S. Bassett Realty Company. On review of referee's order disallowing trustee's claim for expenses. Reversed.

GIBSON, District Judge. The present matter has come before us upon exception of the trustee to an order of the referee disallowing a claim of the trustee for $2,000 for clerical aid, expenses, etc., set forth in the latter's account. The facts upon which the claim is based, as they appear upon argument, were substantially as follows:

The South Side Trust Company, now the Pennsylvania Trust Company, of Pittsburgh, had been elected trustee of the bankrupt estate some four or five years prior to the filing of the account. Practically no assets of the estate were in sight at that time, but the creditors felt such assets existed, and the trustee, following one clue after another, was required to send clerks to many localities in its search for them. These investigations were quite expensive, and deprived the trustee of the services of its clerks so engaged in the business of the estate. Finally information was obtained which resulted in the institution of suits against the bankrupt and certain of his friends to recover amounts alleged to belong to the estate. After some delay, the defendants in those suits made an offer in compromise of their civil liabilities to the estate which would have justified a dividend of 25 per cent. to creditors, less the expenses of administration.

Counsel for the creditors and the trustee, respectively, stated that they would submit the offer to the creditors if it were increased by an amount sufficient to take care of the expenses of administration and thus allow of a net 25 per cent. dividend to the creditors. Whereupon counsel for the defendants and for the creditors, after conference with the trustee and· its counsel, agreed upon $2,000 as a reasonable amount to pay the expenses of the trustee. The amount sufficient to pay a 25 per cent. dividend having been turned over, plus the amount to take care of expenses of administration, the offer was formally submitted to the referee and the creditors at a meeting, when the entire matter was fully explained. The creditors, represented by competent and independent counsel, were entirely satisfied with the arrangement, including allowance to trustee, and agreed to the acceptance of the offer. Whereupon the trustee's account was filed, wherein claim for the $2,000 in question was made.

No creditor or other person interested filed any exception to the amount claimed by the trustee, but the referee, of his own motion, disallowed it. As we understand his position, the claim was disallowed because unsupported by an itemized statement of the expenses. He has not undertaken to say that the trustee is not entitled to the amount claimed, but finds that it is not entitled to it *as* claimed.

Judge Thomson, of this district, had a somewhat similar matter before him in Re Kenny (D. C. Pa.) 46 Am. Bankr. Rep. 214, 269 Fed. 54. In that case the referee, without any exception filed, had surcharged the trustee with an amount of an attorney's fee, to the extent that it was deemed excessive. The attorney in question had prosecuted a suit in the trustee's name, and, having recovered a certain amount, deducted his fee therefrom, and turned over the balance to the trustee. In reversing the action, Judge Thomson said:

"I know of no authority or principle of legal procedure which would justify the referee where no exceptions were filed, or having been filed were overruled, to surcharge the trustee as was done in this case. It may

well be that the charge was greater than on full hearing might be awarded. But it is sufficient to say that there is no complainant before the court making such averment. No such question was raised before the referee, nor any testimony taken upon it. As there appears to have been condemnation without a day in court, and as well-defined and orderly procedure is far more vital in the administration of justice than the allowance or rejection of some particular claim, the report and order of the referee surcharging the accountant * * * are reversed and set aside."

The referee, in his opinion accompanying his order denying the claim, has endeavored to distinguish the present matter from In re Kenny, by calling attention to the fact that in the latter case the referee was surcharging the trustee for moneys never in his hands, while in the instant case he is denying it the right to pay out money in his possession. The reasons assigned by Judge Thomson perhaps make the distinction untenable, but we are not called upon to determine whether or not the difference in facts is such as to require a modification of the rule as applied to the present case.

The referee has largely based his refusal to allow the claim upon section 62a of the Bankruptcy Act (Comp. St. § 9646), which reads: "(a) The actual and necessary expenses incurred by officers in the administration of estates shall, *except where other provisions are made for their payment*, be reported in detail, under oath, and examined and approved or disapproved by the court. If approved, they shall be paid or allowed out of the estates in which they were incurred."

It is true, the trustee has accounted for an amount which includes the allowance claimed; but in reality the situation is such as to bring it within the exception of the above-quoted section. The provision for the payment of the expenses of the trustee was in fact other than is ordinarily contemplated. The expenses were specifically provided by the defendants who made the offer in compromise, and were really not a part of the general fund for distribution. It is a question—which was, in fact, raised in argument by the counsel for those who paid the amount in dispute as a part of the offer

of compromise—whether part of the $2,000, in case it should be found not to be due to the trustee, should not be returned to the persons who paid it to the trustee, rather than distributed among creditors of the bankrupt. The offer was to pay the creditors a 25 per cent. dividend and the expense of administration, and there is some ground for the claim that it would be bad faith on the part of this court to distribute among creditors moneys which were obtained from the defendants in the suits mentioned on the ground that such moneys were required, over and above their original offer, to pay expenses and charges of the trustee.

But such questions need not trouble us here. In holding that the trustee is entitled to the amount claimed, we do not mean to question the force of any of the authorities cited by the learned referee to sustain his position. We do doubt the applicability of the citations, however, as applied to the facts of the instant matter, but we do not stop to distinguish them. We are satisfied that the allowance was reasonable and just. Upon argument, counsel for the creditors, and counsel for those who made the offers of compromise, admitted it. We are also satisfied that the matter was fully explained to the creditors before they approved the compromise, and they agreed that the amount claimed should be paid. They were represented by able and reputable counsel, and were in no need of the protection of the referee in making their contracts or in reforming them. The money was paid, it must be remembered, pursuant to a contract between the creditors and the defendants in the suits brought by the trustee, entered into when the creditors accepted the offer. No person has appeared to claim that he was injured by the arrangement as to allowance to the trustee; no person conceives himself to have been injured; and, in fact, no person was injured, because the claim was just. All parties in interest admit it. Under such circumstances the court, and this includes the referee, need not vex itself with questions of technical interpretation of the Bankruptcy Act, which, in so far as it relates to the allowance of trustees, was primarily in the interest of creditors.

The order of the referee, disallowing the claim of the trustee, as set forth in its first account, must be reversed and set aside.